IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| PERATON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| peratons.com, a domain name, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

The plaintiff, Peraton Inc. ("Peraton"), alleges the following as its verified *in rem* complaint against the defendants, <peratons.com> (the "Domain Name") and John Doe:

**Introduction**

1. This action seeks to prevent further financial fraud and theft. As described below, Peraton has learned that a cybercriminal is using a cybersquatted domain name to commit fraud and theft by enticing one or more of Peraton's customers to redirect payments intended for Peraton to the criminal. If this criminal scheme is not stopped immediately, further harm is likely to occur.

## Nature of the Suit

2.  This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

3.  Peraton's valuable rights in its federally-registered trademark have been deliberately infringed by the bad faith registration of the Domain Name, which is confusingly similar to the Mark (defined below).

4.  Peraton seeks also immediate injunctive relief to protect the safety and security of the internet at large from cybercriminals, and to protect itself and its customers from financial fraud.

## Parties

5.  Peraton is a corporation organized and existing under the laws of Maryland, with its principal place of business located in Reston, Virginia. Peraton is engaged primarily in government contracting in the areas of space, intelligence, cyber, defense, homeland security, citizen security, and health. Peraton employs approximately 18,000 persons in offices throughout the world, and has annual revenues of more than $6 billion.

6.  The Domain Name is a second-level internet domain name which, according to the WHOIS database, is registered by a person or entity whose name and contact information is not provided. A copy of the WHOIS record for the Domain Name is attached hereto as Exhibit 1.

7.  Defendant John Doe is a person or persons of unknown identity who use(s) email accounts associated with the Domain Name to operate a scam displaying

2

the counterfeit Peraton Mark to trick Peraton's contracting partners into redirecting payments to the wrong bank account.

## Jurisdiction and Venue

8. This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

9. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has *in rem* jurisdiction over the Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. 1125(d)(2)(A)(ii) because the identity of the registrant of the Domain Name is not available, and therefore Peraton cannot obtain *in personam* jurisdiction over a person or entity who would be a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A), and Peraton, despite its efforts, has been unable to find a person or entity who would be a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

11. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II), Peraton will give notice of the violations of Peraton's rights, and Peraton's intent to proceed *in rem*, to the postal and email addresses set forth in the WHOIS registration record for the Domain Name, to the extent available, and its registrar, or by publication.

12. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .com domain name registry is situated in this judicial district, and the Domain Name is a second-level domain name within the .com top-level domain.

**Unlawful Registration and Use of the Domain Name and Use of the Mark**

13. Peraton is the registrant of the domain name <peraton.com>.[1]

14. Peraton is the owner of the trademark "PERATON", which was registered on the Principal Trademark Register of the United States Patent and Trademark Office in 2018 under registration number 5,576,950 (the "Mark").

15. The Mark has been used by Peraton in commerce with great success, such that it has become distinctive throughout the United States in connection with Peraton's services. The Mark acquired distinctiveness long before the Domain Name was registered.

16. Peraton's federal registration of the Mark is conclusive evidence of the validity of the Mark, Peraton's ownership of the Mark, and Peraton's exclusive right to use the Mark in commerce.

17. The Domain Name was registered on November 7, 2023, through the registrar NameCheap Inc. (the "Registrar"), which is based in Arizona.

18. The Domain Name represents an intentional typographical error of the Mark reflecting a type of cybersquatting known as typosquatting or spoofing, such that the Domain Name is an unauthorized imitation of the Mark. Specifically, the Domain Name consists of a typo, "peratons," of the Peraton Mark and is designed to look substantially identical to the Mark by using the Mark and adding the letter "s" to the end.

---

[1] A website's domain name, such as "google.com," indicates where it can be found on the internet. See https://www.verisign.com/en_US/website-presence/online/how-dns-works/index.xhtml.

19. The registrant of the Domain Name has used, and upon information and belief intends to continue to use, the Domain Name to perpetrate financial fraud and crimes.

20. On November 8, 2023 – just one day after the Domain Name was registered – the registrant obtained an email exchange between Peraton and one of its contracting partners, and used it to lure the contracting partner to send a payment to a bank account controlled by the registrant, rather than to Peraton.

21. Specifically, the registrant obtained an email chain including legitimate communications between Peraton and its contracting partner regarding payment, then continued that chain by imitating Peraton employees, but using their names together with the Domain Name, all to provide the false impression that the communications were between Peraton and its contracting partner. A copy of the relevant exchange is attached hereto as Exhibit 2.[2]

22. As reflected in the email exchange, Peraton's contracting partner received an email from John Doe requesting to know the status of an unpaid invoice. In that same email, John Doe stated "please be advised that our payment instructions have recently changed and we are requesting that all further payments to [sic] be processed using our updated details."

---

[2] In Exhibit 2, the exchanges on and before November 1, 2023 were legitimate, and involved email addresses associated with <peraton.com>. Beginning with the exchanges on November 8, 2023, the Domain Name, <peratons.com>, was substituted for the <peraton.com>, in a clear (and successful) attempt to deceive Peraton's contracting partner.

23. The following day, on November 9, 2023, Peraton's customer responded to John Doe – at the spoofed email address – asking that the updated payment details be provided.

24. Shortly thereafter, John Doe provided bank account information purporting to be for Peraton, but which information was in fact for a bank account not associated with Peraton. Peraton's customer then transmitted payment to the bank account associated with John Doe. Peraton discovered this fraud on November 29, 2023.

25. John Doe's emails used Peraton's name and logo, the Mark, and the name, title, and telephone number of a Peraton employee. They also included purported copies to other Peraton employees, but used similarly spoofed email addresses for these individuals.

26. The Domain Name was registered with the intent, and the Mrk was used, to mislead, deceive, and misdirect persons communicating with Peraton to send and respond to emails to the registrant rather than to Peraton, and to lure Peraton's customers to redirect payments intended for Peraton to bank accounts controlled by the registrant, thereby defrauding both Peraton and its contracting partners.

27. The Domain Name does not, and cannot, reflect the legal name of the registrant of the Domain Name, nor can it have been registered in good faith.

28. The Domain Name is likely to be confused with Peraton's legitimate online locations and other services, and with Peraton's emails and similar communications systems, and the use of the Domain Name and Mark have caused actual confusion in the marketplace.

### Count One
### *Violation of the Federal Anti-Cybersquatting*
### *Consumer Protection Act*

29. Peraton repeats and realleges each allegation set forth in paragraphs 1 through 28.

30. The Mark is famous and distinctive and was famous and distinctive before the time of registration of the Domain Name.

31. The acts by the registrant of the Domain Name constitute registration, maintenance, trafficking in, or use of a domain name that is confusingly similar to the Mark, with bad faith intent to profit therefrom.

32. In light of the registrant's concealment of its identity, Peraton is not able to obtain *in personam* jurisdiction over the registrant of the Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

33. Peraton has been unable to find a person who would be a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

34. These acts by the Domain Name's registrant constitute violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

35. These acts have caused, and are causing, irreparable harm to Peraton, its contracting partners, and the public. The harm to Peraton includes harm to the value and goodwill associated with the Mark which cannot be adequately remedied by monetary relief. Unless permanently restrained and enjoined this irreparable

harm will continue. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Peraton is entitled to an order transferring the Domain Name registration to Peraton.

36. In addition, these acts threaten to cause immediate, severe, and irremediable harm to Peraton, its contracting partners, and the federal agencies they serve, and to internet security at large, as they have no other purpose than to commit theft and deception through the use of hacking and deceptive emails. Therefore, Peraton is entitled to an immediate order, in the form of temporary and preliminary injunctive relief, to place the Domain Name on registry hold, thereby disabling it and removing it from the DNS zone.

## Count Two
### *In Rem Trademark Infringement*

37. Peraton repeats and realleges each allegation set forth in paragraphs 1 through 36.

38. At the time the Domain Name was registered, Peraton possessed valid federal trademark rights in the Mark.

39. As a result of the registrant's concealment of its identity, Peraton is not able to obtain *in personam* jurisdiction over the registrant of the Domain Name or any other person who would be a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

40. Peraton has been unable to find a person who would be a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

41. Registration of the Domain Name constitutes a use in commerce of the Mark which affects Peraton's ability to use the Mark in commerce.

42. The Domain Name registrant and John Doe have no valid rights in the Mark.

43. At the time the Domain Name was registered, its registrant and John Doe were on actual and constructive notice, pursuant 15 U.S.C. § 1072, of the existence of Peraton's superior rights in the Mark by reason of the existence of Peraton's federal trademark registration.

44. Use by the Domain Name registrant and John Doe of the Mark is without Peraton's permission or authorization.

45. The registration of the Domain Name and use of the Mark have caused and will likely continue to cause confusion, mistake, and deception amongst consumers and the public, leading the public falsely to believe that the Domain Name is sponsored or approved or in some way connected with Peraton.

46. The aforesaid registration of the Domain Name and use of the Mark constitute direct infringement of the Mark in violation of 15 U.S.C. § 1114(1).

47. These acts have caused, and are causing, irreparable harm to Peraton, its contracting partners, its customers, and the public. The harm to Peraton includes harm to the value and goodwill associated with the Mark which cannot be adequately remedied by monetary relief. Unless permanently restrained and enjoined said irreparable harm will continue.

48. In addition, these acts threaten to cause immediate, severe and irremediable harm to Peraton and its contracting partners, and to internet security at large, as they can have no other purpose than to be part of a campaign to commit cybertheft and cyber deception. Therefore, Peraton is entitled to an immediate order,

9

in the form of temporary and preliminary injunctive relief, to place the Domain Name on registry hold, thereby disabling it and removing it from the DNS zone.

## PRAYER FOR RELIEF

WHEREFORE, Peraton respectfully requests of this Court:

A. That the Court enter a temporary injunction requiring the .com registry to place the Domain Name on registry hold, thereby disabling it and removing it from the DNS zone;

B. That the Court enter a preliminary injunction requiring the .com registry to place the Domain Name on registry hold, thereby disabling it and removing it from the DNS zone;

C. That the Court enter a temporary injunction requiring Registrar to place the Domain Name on registrar lock and hold, thereby disabling it and removing it from the DNS zone;

D. That the Court enter a preliminary injunction requiring the Registrar to place the Domain Name on registrar lock and hold, thereby disabling it and removing it from the DNS zone;

E. That judgment be entered in favor of Peraton on its claims of cybersquatting and trademark infringement;

F. That the Court order the Domain Name be transferred by the applicable registrar or registry to Peraton's control;

G. That any other domain names registered by the registrant of the Domain Name that resemble or include the Mark be transferred by the applicable registrar or registry to Peraton;

H.  That the Court order an award of costs and reasonable attorney's fees incurred by Peraton in connection with this action pursuant to 15 U.S.C. § 1117(1); and

I.  That the Court award Peraton such other and further relief as the Court may deem just and proper.

Dated: December  5 , 2023.

                    Respectfully submitted,

                    /s/ Timothy B. Hyland
                    Timothy B. Hyland (VSB No. 31163)
                    Counsel for Peraton Inc.
                    HYLAND LAW PLLC
                    1818 Library Street, Suite 500
                    Reston, VA 20190
                    (703) 956-3566 (Tel.)
                    (703) 935-0349 (Fax)
                    thyland@hylandpllc.com


                    /s/ Jamie M. Hertz
                    Jamie M. Hertz (VSB No. 71731)
                    Counsel for Peraton Inc.
                    HYLAND LAW PLLC
                    1818 Library Street, Suite 500
                    Reston, VA  20190
                    (703) 956-3566 (Tel.)
                    (703) 935-0349 (Fax)
                    jhertz@hylandpllc.com

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct upon my actual knowledge, except where stated upon information and belief, in which case the foregoing is true and correct to the best of my knowledge and belief.

Executed on this __5th__ day of December, 2023, at Reston, Virginia.

*Rebecca McHale*
_____
Rebecca McHale
Chief Human Resource Officer
Peraton Inc.